IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 115-059 |
| | * | |
| LEON NATHAN DAVIS | * | |

**O R D E R**

Pending before the Court is Defendant Leon Nathan Davis' motion to obtain transcripts. (Doc. 23.) Defendant requests copies of transcripts from this case for what appear to be purposes of preparing an appeal or collateral attack on his conviction.[1] However, Defendant has no appeal pending as evidenced by the letter from the Clerk of Court for the Eleventh Circuit Court of Appeals.

---

[1] Defendant's motion in its entirety, as submitted to the Court of Appeals:

> I have a need to obtain the Transcripts from the above-listed Criminal case number, and understand that I am entitled to one free set for the purposes of Appeal. As I am filing for my 28 U.S.C. § 2255 Motion, second and successive, in your Court, I have a need to obtain that first set of Transcripts.
> I would appreciate an Order for the Court District Reporter to furnish that first set at no cost for that Appeal. I would prefer to obtain that set as soon as possible, to not delay this Court in that § 2244 Motion. I thank you in advance for any and all assistance that you might render me in this effort, and I look forward to receipt of those Transcripts in the near future.

See Doc. 23.

(See id. at 1.) Neither can the Court find a pending collateral attack on his conviction.

The Eleventh Circuit has held that a defendant does not have a right to a free transcript unless the transcript is necessary to decide an issue presented in another suit or appeal:

> We hold that a request by a prisoner for access to the court files of his underlying criminal conviction is premature prior to the filing of a collateral attack on that conviction; a prisoner is entitled to access to the court files only after he has made a showing that such files are necessary to the resolution of an issue or issues he has presented in a non-frivolous pending collateral proceeding.

Hansen v. United States, 956 F.2d 245, 248 (11th Cir. 1992); see also Walker v. United States, 424 F.2d 278, 279 (5th Cir. 1970) ("A federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error.").

As visible from the record, Defendant does not have an appeal or collateral attack pending, making his motion premature. Therefore, Defendant's motion (doc. 23) is **DENIED**.[2]

**ORDER ENTERED** at Augusta, Georgia, this 14th day of February, 2020.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Defendant may nonetheless make arrangements with the court reporter to pay for copies of the requested transcripts.