**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | |
|---|---|
| LEON NATHAN DAVIS ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 120-051 |
| ) | (CR 115-059) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**GOVERNMENT'S MOTION TO DISMISS
DAVIS'S 28 U.S.C. § 2255 MOTION**

Petitioner Leon Nathan Davis filed a 28 U.S.C. § 2255 motion to vacate his conviction, apparently claiming his conviction is no longer valid pursuant to the Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019), and the First Circuit's holding in *Wright v. United States*, 937 F.3d 8, 23-25 (1st Cir. 2019). (Doc. 25)[1]  In 2014, Davis pled guilty to a charge of attempting to provide material support to a designated foreign terrorist organization, under 18 U.S.C. § 2339B, so the holding in *Davis* is not applicable to him. Further, the holding in *Wright* is inapposite, and because Davis admitted the conduct underlying his conviction, he cannot now challenge the evidence that supported his conviction. Davis's claims should, therefore, be dismissed outright.

---

[1] Record citations are to the docket in the underlying criminal case.

## BACKGROUND

In October 2014, Davis was arrested at the Atlanta (Ga.) airport, when he was preparing to fly to Turkey, and be smuggled into Syria in order to join ISIS, a known foreign terrorist organization. (PSR ¶¶ 11, 16.) Davis was ultimately charged by Information with Attempt to Provide Material Support or Resources to a Designated Foreign Terrorist Organization, in violation of 18 U.S.C § 2339B. (Doc. 1.) Under a written plea agreement, he pled guilty to that charge, and waived his right to appeal or collaterally attack his sentence, with few exceptions, not relevant here. (Doc. 8.) His Presentence Investigation Report (PSR) reflected a total offense level of 37, a criminal history category of VI, and an advisory guideline range of 360 months to life. (PSR ¶ 74.) However, by statute, he could not be sentenced to more than 15 years in prison, so his guideline range was reduced to 180 months. (PSR ¶¶ 73, 74.) This Court sentenced Davis to 180 months' imprisonment in July 2015. (Doc. 18.) Consistent with the appeal and collateral-attack waivers contained in his plea agreement (Doc. 8 at 6), Davis has not challenged his conviction or sentence until now (Doc. 25).

According to the Bureau of Prison's inmate locater website[2] Davis is incarcerated at the Federal Correctional Institution in Greenville, Illinois, with a projected release date of January 23, 2028.

---

[2] Located at https://www.bop.gov/inmateloc/.

**CLAIMS PRESENTED**

In seeking vacatur of his conviction, Davis states: "Due to the Davis v. United States of America, the United States Supreme Court ruled in favor of Davis which directly affects my conviction." And "Also due to the ruling of Wright v. United States of America, the 1st Circuit Court of Appeals decision also makes my conviction unconstitutional." (Doc. 25.) He attached a memorandum that first summarizes Fourth Circuit case law related to 18 U.S.C § 2339B and § 924(c), and then details the holding in *Wright*, 937 F.3d at 23-25, where the First Circuit analyzed the propriety of a jury instruction given in a § 2339B trial.

**BURDEN OF PROOF**

The government may move to dismiss a petitioner's motion to vacate his conviction or sentence "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief. . . ." *See* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 4(b).

**ARGUMENT**

### I. Claims are Conclusory.

To begin, Davis's conclusory statements that his conviction is "directly affect[ed]" by *United States v. Davis*, and made "unconstitutional" by the holding in *Wright v. United States,* are conclusory, and insufficient to warrant relief. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (a petitioner is not entitled to habeas relief where "his claims are merely conclusory allegations unsupported by specifics or

3

contentions that in the face of the record are wholly incredible). *See also Robinson v. United States*, No. CV 415-294, 2015 WL 9467508, at *1-*2 (S.D. Ga. Nov. 16, 2015) ("Thus, § 2255 petitioners cannot simply laundry-list their claims and hope that the court will develop (hence, litigate) them on their behalf." (quotations omitted)). For this reason alone, the Court should dismiss Davis's motion.

## II. Reliance on *Davis v. United States* Misplaced.

Next, Davis's reliance on *Davis* is completely misplaced. As the Eleventh Circuit explained, "[I]n *Davis* . . . the Supreme Court extended its holdings in *Johnson* and [*Sessions v.*] *Dimaya*[, 138 S.Ct. 1204 (2018),] to § 924(c) and held that § 924(c)(3)(B)'s residual clause, like the residual clauses in the ACCA and  16(b), is unconstitutionally vague." *In re Hammoud*, 931 F.3d 1032 (11th Cir. 2019). *Davis* dealt with the constitutionality of § 924(c)(3)(B)'s residual clause. *Davis*, 139 S.Ct. at 2319. Here, Defendant Davis was not charged or convicted of *any* § 924(c) offense. (Docs. 1, 18.) Consequently, *Davis* does not impact this petitioner's terrorism-related conviction.  Davis's *Davis* claim should be dismissed.

## III.   Remaining Claim Is Untimely, Meritless, and Procedurally Defaulted.

A. Untimely.

A prisoner must file a motion to vacate within one year of the latest of four dates. See 28 U.S.C. § 2255(f). "Typically, the applicable triggering date is the date on which the judgment of conviction becomes final." *United States v. Beeman*, 871 F.3d 1215, 1219 (11th Cir. 2017) (citation and quotations omitted). Davis's judgment was entered in July 2015, and his conviction became final in August 2015. (Doc. 18.)

Thus, his claim challenging the constitutionally of his conviction – filed in March 2020 – is untimely.

B. Meritless.

Even if timely, Davis's claim is meritless. Davis seems to rely on the First Circuit's holding in *Wright* – where a defendant went to trial to challenge a terrorism-related conspiracy charge – to argue that he could not be convicted of the charged offense – § 2339B – absent a showing by the government that a foreign terrorist organization made a coordinated effort to obtain his services to aid their goals, which (Davis claims) was lacking. (Doc. 25 at 13.) This claim is unfounded and belied by the record.

During the course of the criminal case, Davis admitted that he attempted to provide material support to a known foreign terrorist organization, in violation of 18 U.S.C. § 2339B. The elements for that offense, as set forth in Davis's plea agreement, are: (1) that the Defendant knowingly attempted to provide material support or resources to a foreign terrorist organization; (2) that the Defendant knew that the organization was a designated terrorist organization, or that the organization had engaged or was engaging in terrorist activity or terrorism; and (3) that the Defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime. (Doc. 8 at 1-2.) By signing his plea agreement, Davis admitted that he attempted to provide support through his own services to the Islamic State of Iraq and the Levant, a designated foreign terrorist organization. (Doc. 8 at 2.) At his Rule 11 hearing, he admitted that he attempted to

5

leave the United States to join a terrorist organization. (PSR ¶ 20.) In addition, a detailed account of his offense conduct, and the admissions he made to the FBI, were included in the PSR, and undisputed by Davis. (PSR ¶¶ 5-17, PSR Adden.) Finally, when interviewed by the probation officer who prepared the PSR, Davis admitted that he provided material support to a foreign terrorist organization. (PSR ¶ 20.)

The First Circuit's holding in *Wright* is inapposite. There, the government charged Wright, with, among other things, conspiring to provide material support to a foreign terrorist organization, when Wright and others plotted to fulfill an ISIS decree to behead Pamela Geller, an American citizen who insulted the Prophet Mohammed. *Wright*, 937 F.3d at 13. The Circuit Court recognized there that, under § 2339B(h), an individual is not working as "personnel" under a foreign terrorist organization's direction when he works independently of that organization to advance its goals. *Id.* 37 F.3d at 24. Davis relies on that language to argue that because, before his arrest, he had only coordinated with a person in Turkey, and not with a member of ISIS, the government could not prove that Davis was working *under the direction* of a foreign terrorist organization. (Doc. 25 at 13.) But that argument misunderstands the differences between Wright's conduct and conviction and that of Davis. Davis was not convicted of conspiring to support ISIS based on conduct undertaken in the United States. Instead, he was convicted of attempting to provide material support to ISIS by personally traveling to Syria to join the organization. (Doc. 1.) He was attempting to provide direct support to ISIS, and

6

serve under their direction. His conduct certainly met the elements of the charged offense, and nothing in *Wright* disturbs that result.

C. Procedural Default.

Lastly, Davis's claim is procedurally defaulted. "Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a § 2255 challenge." *United States v. Montano*, 398 F.3d 1276, 1279-80 (11th Cir. 2005). "A ground of error is usually available on direct appeal when its merits can be reviewed without further factual development." *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (internal quotation omitted). Davis did not raise this claim on direct appeal.

A § 2255 petitioner can overcome procedural default in either of two ways. First, he must "demonstrate a cause for this default and show actual prejudice suffered as a result of the alleged error." *Montano*, 398 F.3d at 1280. "Cause" requires a showing that some external impediment prevented him from raising the claim previously. *See Weeks v. Jones*, 52 F.3d 1559, 1561 (11th Cir. 1990). To demonstrate prejudice, the defendant "must shoulder the burden of showing, not merely that the errors at his trial [or sentencing] created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial [or sentencing] with error of constitutional dimensions." *Frady*, 456 U.S. at 170. This standard is "a significantly higher hurdle than would exist on direct appeal." *Id.* at 166.

Second, a § 2255 petitioner can overcome procedural default by showing "a fundamental miscarriage of justice. In an extraordinary case, where a constitutional violation has probably resulted in the convictions of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Id.

Davis has failed to provide any reason why this claim could not have been raised on appeal, accordingly, the claim is procedurally defaulted.

**CONCLUSION**

For the above reasons, this Court should dismiss Davis's motion to vacate his conviction. (Doc. 25.)

Date: June 1, 2020.

Respectfully submitted,

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

BY:    *s/ Nancy C. Greenwood*

Nancy C. Greenwood
Assistant United States Attorney
Georgia Bar No. 309179
P.O. Box 2017
Augusta, GA  30903
(706) 724-0517

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") generated upon electronic filing in this Court. In addition, I, on **June 2, 2020**, I will mail via U.S. Postal Service a paper copy to

Leon Nathan Davis, 97831-020
FCI Greenville
Federal Correctional Institution
Legal Mail
P.O. Box 5000
Greenville, IL  62246

Respectfully submitted,

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

BY:   *s/ Nancy C. Greenwood*

Nancy C. Greenwood
Assistant United States Attorney
Georgia Bar No. 309179
P.O. Box 2017
Augusta, GA  30903
(706) 724-0517