IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA      *
                              *
        v.                    *        CR 115-059
                              *
LEON NATHAN DAVIS             *

------------

O R D E R

------------

On July 28, 2015, Defendant Leon Nathan Davis was sentenced to serve a term of imprisonment of 180 months followed by a life term of supervised release.  Davis was also ordered to pay a fine of $1500 and a $100 special assessment.  The Judgment and Commitment Order ("J & C") states that while Davis is in custody, he shall either pay "quarterly installments of **a minimum** of $25 if working non-UNICOR or **a minimum** of 50% of monthly earnings if working UNICOR." (Doc. 18, at 6 (emphasis added).)  Once released, Davis is to make monthly payments of $50.  At present, Davis has filed a motion seeking a suspension of any fine payment until after his release from prison.  In support of his motion, Davis explains that his financial support system, i.e., his parents, are deceased and can no longer assist him.  He also complains that there are not adequate job opportunities available to him.

the Court presumes that Davis is participating in the Bureau of Prisons' ("BOP") Inmate Financial Responsibility Program ("IFRP") and that the BOP is requiring more than $25 per quarter

in payment of his fine.  The BOP's IFRP is a voluntary work program that encourages an inmate to meet his legitimate financial obligations through the development of a financial plan.  28 C.F.R. § 545.10.  Participation in the IFRP is voluntary, but refusal to participate carries certain consequences including the loss of various privileges.  28 C.F.R. § 545.11(d).  According to BOP Program Statement 5380.08, the IFRP employs a standard formula to determine the amount of restitution payments that an inmate should make while incarcerated.  The formula considers both an inmate's institution resources (such as wages) and his non-institution (community) resources (such as gifts or stimulus payments). Program Statement 5380.08 provides further guidance, instructing the BOP to examine total funds deposited in the previous six months and subtract any IFRP payments made in those same six months and $450.  Generally speaking, any money remaining after this computation may be considered by BOP in determining the amount of an inmate's IFRP payment.

To the extent that Davis is challenging the presently required IFRP payments, the Court has no authority to adjust the amount of IFRP payments or the formula that the BOP uses.  The IFRP is an aspect of Davis's confinement; a challenge to the implementation of this program is a challenge to the execution of his sentence and must be pursued under 28 U.S.C. § 2241 in the district of confinement.  See Williams v. Pearson, 197 F. App'x 872, 876-77

(11th Cir. 2006); United States v. Warmus, 151 F. App'x 783, 786-87 (11th Cir. 2005); see also United States v. Gala, 698 F. App'x 602, 604 (11th Cir. 2017) (holding that inmate's claim that he was coerced into participating in the IFRP must be presented in a § 2241 petition filed in the district of confinement). Even if this Court had jurisdiction over the matter, a § 2241 habeas petitioner must exhaust his administrative remedies prior to filing suit. Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015). Here, there is no evidence that Davis has attempted to gain review of his IFRP payments through the BOP's administrative process.

To the extent that Davis asks the Court to modify the payment schedule imposed in the J & C, the Court declines to do so. The J & C expresses the Court's intent to set the *minimum* expected payment of his fine, thus allowing the BOP to implement an appropriate payment schedule. The Court will defer to the BOP in its consideration and calculation of Davis's IFRP payments.

Upon the foregoing, Defendant Davis's motion to suspend his fine payments (doc. 37) is **DENIED.**

**ORDER ENTERED** at Augusta, Georgia, this __16th__ day of June, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3